# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYNTHIA REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-13-542-M |
| | ) |
| TETRA TECH, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is plaintiff's Motion to Compel, filed November 27, 2013. On December 18, 2013, defendant filed its response, and on December 31, 2013, plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

In the instant case, plaintiff alleges she was discriminated against due to her disability. Plaintiff was employed by defendant in the position of receptionist from October 2008 until May 24, 2012. Around April 6, 2012, plaintiff informed Tim Hall, a human resources representative, that she had recently been diagnosed with lupus. Plaintiff thereafter requested accommodations and time off for medical appointments/treatment. On or about May 25, 2012, plaintiff was included in a reduction in force and was terminated.

Plaintiff submitted opening and supplemental discovery requests to defendant. Based upon defendant's responses and the parties' inability to resolve their disputes, plaintiff now moves this Court to compel full responses to her Request for Production No. 7 and her Interrogatory Nos. 12 and 18.

II.  Discussion

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

A.  Request for Production No. 7

Request for Production No. 7 seeks the personnel documents of certain employees. Defendant initially objected to this request as being overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of relevant and admissible evidence. In her motion to compel, plaintiff has narrowed this request to the personnel file of Maria Wood and Rachelle Ewing, the two individuals against whom plaintiff was allegedly compared and who assumed some of the duties of plaintiff's position after it was eliminated. In its response, defendant states that the personnel file for Rachelle Ewing has previously been produced to plaintiff's counsel. Defendant further contends that the personnel files for these two individuals are not relevant.

Having carefully reviewed the parties' submissions, the Court finds that the personnel files for Ms. Wood and Ms. Ewing are relevant and should be produced. Accordingly, the Court finds that defendant should be compelled to produce the personnel file for Marie Wood.

2

B.   Interrogatory No. 12

Interrogatory No. 12 seeks the following information:

> Identify (as defined above) each person who, during any part of the period from January 1, 2009 to the present was located at Defendant's Oklahoma City office.

In response, defendant objects as follows:

> Defendant objects to Interrogatory No. 12 as being overly broad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of relevant and admissible evidence. A request for an identification of every person that worked at the Oklahoma City office for years prior to the [sic] Cynthia Reed's departure has no discernible relevance to Cynthia Reed's claims in this case. Additionally, such a request is overly broad.

Plaintiff contends that this information is relevant as follows:

> It is established beyond doubt that persons who worked in Plaintiff's location or who interacted with Plaintiff in the performance of job duties will know information related to claims and defenses in this case. Those persons who worked with the Plaintiff will have witnessed her job performance and know which duties she performed. Similarly, such persons will have observed the performance of Maria Wood and Rachelle Ewing against whom Plaintiff was allegedly compared. Thus, this group of persons can offer testimony regarding Defendant's claim that Plaintiff had work performance issues and less skills than the two comparators. . . .
>
> Such persons may also have knowledge regarding when Plaintiff's illness became apparent, since Defendant disputes knowledge of Plaintiff's condition.

Motion to Compel with Authority at 4. Plaintiff also contends that it would not be unduly burdensome to produce this information because there were thirty or fewer persons who worked in the Oklahoma City office.

Defendant asserts that it is impossible to discern the relevance of identifying every employee that has ever worked at defendant's Oklahoma City office from January 1, 2009 to the present,

which includes time periods both years before plaintiff's claims arose and long after plaintiff was terminated on May 25, 2012. Defendant also asserts that plaintiff was not terminated for job performance issues and that this information is not relevant for that reason as well.

Having carefully reviewed the parties' submissions, the Court finds that the information requested in Interrogatory No. 12 is relevant and/or reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Court finds that plaintiff's co-workers clearly could have knowledge as to the claims and defenses in this case. Further, because the Oklahoma City office has less than thirty employees, the Court finds that this interrogatory is not unduly burdensome. However, the Court finds that Interrogatory No. 12 is overly broad in time and should be limited to the period from January 1, 2011 to May 25, 2013. Accordingly, the Court finds that defendant should be compelled to respond to Interrogatory No. 12, as limited above.

C. Interrogatory No. 18

Plaintiff's Request for Admission No. 8 asked defendant to admit that at the time of plaintiff's termination, plaintiff had been satisfactorily performing her job duties. Defendant denied this request. As a result, plaintiff issued Interrogatory No. 18 seeking "the facts, events, occurrences, conversations, and details materially related to Defendant's denial in response to Plaintiff's Req. Adm. No. 8." Defendant responded as follows: "Request for Admission No. 8 was denied because by May 12, 2012, Cynthia Reed's supervisor Geoff Covalt did not believe that Cynthia Reed was satisfactorily performing her job duties."

Plaintiff asserts that this response is insufficient because it fails to provide the information sought, i.e., instances in which defendant believes plaintiff to have performed unsatisfactorily, the job duties/tasks that were performed unsatisfactorily, etc. Defendant contends that this information

4

is irrelevant because it did not eliminate the receptionist position because of deficiencies in plaintiff's job performance. Additionally, defendant states that in his deposition, Mr. Covalt explained at length all of his reasons for believing that plaintiff's job performance was not satisfactory.

Having carefully reviewed the parties' submissions, the Court finds that the information requested through Interrogatory No. 18 is clearly relevant, as there has been some evidence produced indicating that job performance was taken into account when making the reduction in force decision. Additionally, the Court finds that defendant's response is inadequate and does not provide all of the information sought. To the extent plaintiff still needs defendant to supplement its response to this interrogatory after Mr. Covalt's deposition, the Court finds that such supplement should be compelled.

III. Conclusion

Accordingly, the Court GRANTS plaintiff's Motion to Compel [docket no. 20] and ORDERS defendant to fully provide, on or before January 27, 2014, the information sought in Request for Production No. 7 and Interrogatory Nos. 12 and 18 as set forth above.

**IT IS SO ORDERED this 13th day of January, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE